(92 Misc. Rep. 497)

ROBERTS v. LITTLE.

(Supreme Court, Trial Term, Albany County. December, 1915.)

1. CONTRACTS ⬅99—UNDUE INFLUENCE—BURDEN OF PROOF.

Where, in an action on notes given by defendant to a person since deceased, an agreement to cancel the notes is set up as a defense, and plaintiff claims that such agreement was procured by undue influence, the burden does not shift to defendant to clear himself from the imputation of undue influence, in the absence of evidence that he not only bore a close relation to deceased, but that deceased was suffering from mental impairment and subservient to the overmastering will power of defendant.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197–1199, 1799, 1800; Dec. Dig. ⬅99.]

2. CONTRACTS ⬅99—UNDUE INFLUENCE—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE.

Evidence in an action on notes, wherein plaintiff claimed that an agreement releasing defendant from liability was procured by undue influence from the deceased payee, held not to show such confidential and trust relation existing between defendant and deceased as to cast on defendant the burden of showing that the transaction was fair and reasonable, and the instrument obtained without undue influence, where it appeared merely that deceased, a person of advanced years and feeble health, lived for several years at defendant's house as a member of his family, and advised with him in some of her business matters, and was dependent on him in

no way, except when it suited her convenience to ask him to do something for her.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197–1199, 1799, 1800; Dec. Dig. ☜99.]

3. CONTRACTS ☜99—UNDUE INFLUENCE—BURDEN OF PROOF.
    Undue influence is a species of fraud, which, when relied on to annul a contract, cannot be presumed, but must be proven.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197–1199, 1799, 1800; Dec. Dig. ☜99.]

4. CONTRACTS ☜99—UNDUE INFLUENCE—PROOF.
    Proof that an instrument was executed from gratitude, esteem, or affection for the person benefited, and that he had an opportunity to exert an undue influence, is insufficient to establish undue influence, authorizing annulment of the instrument, in the absence of proof that he exerted an influence of such a dominating character that it overrode the will of the person executing the instrument.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197–1199, 1799, 1800; Dec. Dig. ☜99.]

Action by Edith A. Roberts, as administratrix with will annexed of the goods, chattels, and credits of Jane T. Latimer, deceased, against Charles W. Little. On motion to set aside verdict for plaintiff. Motion granted.

Young & Young, of Hudson Falls, for plaintiff.
Mills & Mills, of Albany, for defendant.

CHESTER, J. The action is brought on two promissory notes, for $5,000 each, made by the defendant to Jane T. Latimer, since deceased. The defense interposed was an agreement, made by said Jane T. Latimer and the defendant, bearing date August 12, 1910, to cancel, destroy, and annul said notes in consideration of the defendant's paying her the sum of $600 per annum so long as she shall live in such amounts as she shall see fit to request. The claim of the plaintiff on the trial was that such agreement was procured from Miss Latimer by the defendant by undue influence. That question was submitted to the jury, and the effect of their verdict for the plaintiff was to support the claim that the instrument was so procured. The defendant now makes this motion to set aside the verdict as against the evidence and the weight of evidence.

It appears that Little was a nephew of Miss Latimer, she being a half-sister of his mother, and that she had lived in his family for upwards of 30 years and in the family of his father for some 15 years before that. She was a maiden lady about 79 or 80 years of age at the time of her death, and died on the 22d day of August, 1911. She never paid any board, either to the defendant or, so far as he knew, to his father. She made a will bearing date August 28, 1908, in which she gave many specific bequests to various persons, and also gave one of the notes in question to the defendant, in trust to pay the interest semiannually to George Latimer, a nephew, so long as he should live, with the remainder upon his death to his widow, if she survived him, and on her death to his children, share and share alike. In the will she

named Charles H. Mills as executor, but he renounced the appointment, and the plaintiff was appointed administratrix with the will annexed of her estate. The verdict of the jury was for the amount of the note not so bequeathed, less the payments made by Little to Miss Latimer under the agreement to cancel the notes.

[1] On the trial each side claimed that the burden of proof on the question of undue influence with reference to the agreement of August 12, 1910, rested upon the other. The plaintiff claimed, under the principle stated in Cowee v. Cornell, 75 N. Y. 91, 99, 31 Am. Rep. 428, that the burden was on the defendant, on the theory that he occupied a fiduciary and confidential relation to Miss Latimer; and the defendant claimed that, the plaintiff having asserted that the instrument was obtained by undue influence, the law cast the burden upon her to establish that fact by a fair preponderance of the evidence. The correct rule in this respect has, I think, been laid down by the Appellate Division in the Fourth Department in the case of Doheny v. Lacy, 42 App. Div. 218, 230, 59 N. Y. Supp. 724, affirmed 168 N. Y. 213, 61 N. E. 255, where it is said:

"Before the burden of proof is ever shifted, and the onus cast upon the defendant to clear himself from an imputation resting upon him, the evidence must show unmistakably that the person charged not only bears a close relation to the one he is suspected of defrauding, but other facts are essential: That the one influenced is suffering from mental impairment, and that he has been subservient to the overmastering will power of the person accused."

[2] The question is presented, therefore, as to whether there was sufficient proof to show that there was any such confidential and trust relation existing between the defendant and Miss Latimer as would cast the burden upon him to show that the transaction was fair and reasonable and that the instrument was obtained without the exercise of undue influence. The only proof upon that subject outside of the facts that she was a person of advanced years, somewhat feeble in health during the last years of her life, and that she lived as one of the family of the defendant, is that she frequently asked him to transact some business for her, such as paying her doctor's bill, dentist's and nurses' bills, and some other bills when he would go to Albany, as he did daily; his business being located there, while his home, where she lived, was at Menands, some three miles distant. It also appears that she often advised and consulted with him with respect to some of her business matters and that he gave her such advice. He was not a lawyer, and it does not appear whether or not she followed his advice with respect to these matters. When she asked him about the advisability of making a will, he told her that he thought she should do so, but that should see a lawyer about that. Many of the things he did for her can properly be characterized simply as errands, which it was convenient for him to perform and inconvenient for her. While she was a woman of advanced years, there is no proof whatever that she was a person of feeble mind, and the presumption is that she was not, but was of sound mind.

There was no such trust relation existing between them as would exist between an attorney and client, or between a trustee and his cestui

que trust; and there was no such confidential relation as would ordinarily exist between a parent and child, or between a guardian and ward. There is no proof whatever that she was subject to his control, or was dependent upon him in any way, except at times when it suited her convenience to ask him to do something for her as to her everyday affairs. She lived at his house simply as a member of his family for many years, and the jury were not justified under the evidence in holding that there was a relation of confidence or trust existing between them which would fairly change the ordinary rule prevailing in trials with respect to the burden of proof, so that I think the verdict of the jury, so far as it was based upon that theory, was against the weight of evidence.

The case is barren of any evidence whatever showing that the defendant exercised any influence, undue or otherwise, upon Miss Latimer to procure her to execute the instrument in which she agreed to cancel the notes. The instrument was drawn by an attorney employed by her and under her direction. It was executed by her in the absence of Little, the defendant. She went from her home to the office of her lawyer in Albany; where she executed the paper in his presence and without the presence of the defendant. She did it over a year before she died, and subsequently to that time the defendant made repeated payments to her of moneys pursuant to his agreement to do so contained in the instrument itself. The instrument was a perfectly reasonable and natural one to make, even if it was to be regarded as a gift of the notes, instead of being based as it was on a good consideration, when the fact is considered that Miss Latimer had lived in the family of the defendant so many years without the payment of any board. He came much nearer to being the natural object of her bounty than any of her other relatives, who saw her but rarely, and she had no kin nearer to her in blood than he.

[3, 4] Undue influence is a species of fraud, which, if relied upon to annul an instrument, must be proven. It cannot be presumed. It must not be such as arises from gratitude, esteem, or affection. It is not sufficient that the person benefited has the opportunity of exerting an undue influence. It must appear that he did in fact exert it, and influence, to be undue, must be of that dominating character that overrides the will and makes the instrument the act of the person exercising the influence, rather than that of the person upon whom it is exercised, and the influence must have been exerted upon the very act complained of. No citation of authorities is needed in support of these propositions. The principles are elementary. There being no proof whatever in support of the claim that undue influence was exercised upon Miss Latimer, nor that she was suffering from any impairment of her mental faculties at the time she executed the instrument in question, I think the verdict is clearly against the evidence and should be set aside.

There is nothing in the act of the defendant in erasing some portions of the will made by Miss Latimer that has any very important bearing upon the questions. These erasures were made, as appears by his testimony, at the request of Miss Latimer after she had signed

the contract to cancel the notes, and, if that testimony is to be believed, it simply shows that she desired to make such changes in her will as would render it not inconsistent with the contract which she had made with the defendant to cancel the notes.

The motion to set aside the verdict and for a new trial should be granted.

Motion granted.